[900 NYS2d 75]

In the Matter of Eileen Coen Cacioppo, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, March 30, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Moran Karamouzis, LLP*, Rockville Centre (*Grace D. Moran* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing nine charges of professional misconduct. After a prehearing conference and a hearing, the Special Referee sustained all nine charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response, asking that the Special Referee's report be confirmed with respect to the facts of misconduct, and that appropriate weight be given to the evidence in mitigation when determining a just and proper sanction.

The charges in the petition involve the respondent's submission of affirmations of legal services to the Surrogate's Court, Suffolk County, which were false and misleading with respect to three separate matters.

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by knowingly executing and filing with the Surrogate's Court, Suffolk County, an affirmation and supporting documents containing false or misleading statements in connection with an application for fees for legal services rendered as guardian ad litem in the matter of the estate of Frederick F. Hoffman, Jr., in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent was appointed guardian ad litem for the unknown beneficiaries of the Hoffman estate, on or about October 22, 2003. Between then and May 26, 2004, the respondent undertook to perform the usual and necessary legal services required to protect the interests of the unknown beneficiaries of that estate. The respondent delegated many of those services to

her associate, Toni J. Biscardi, Esq. During that time, the respondent and Ms. Biscardi recorded the dates, time devoted, and tasks performed on the Hoffman estate on a time sheet (hereinafter the Hoffman time log). The Hoffman time log reflected that between October 27, 2003 and May 26, 2004, Ms. Biscardi devoted 18.68 hours to the Hoffman estate, and the respondent devoted .58 hours, for a total of 19.26 hours.

On or about May 27, 2004, the respondent knowingly altered or caused to be altered the Hoffman time log by deleting Ms. Biscardi's initials from the first column of the document, which called for the identity of the employee who actually performed the services, and replacing them with her own initials. The altered Hoffman time log thereafter identified and credited the respondent with having personally performed all 19.26 hours of the services rendered by her office on the Hoffman estate. On or about May 27, 2004, the respondent executed an affirmation of legal services as guardian ad litem (hereinafter the Hoffman affirmation) in support of an application to the Surrogate's Court for legal fees for services rendered, and attached the altered Hoffman time log thereto.

In the Hoffman affirmation, the respondent submitted, under penalty of perjury, that she had rendered the services, that the time records were contemporaneously recorded, and that the hourly rate of $250 was reasonable and customary in view of the level of her expertise.

The statements in the respondent's affirmation were false or misleading in that she had not personally performed all of the services rendered and intentionally failed to include any reference to the services performed by her associate. The respondent engaged in dishonest conduct by executing the Hoffman affirmation which contained the false or misleading statements, by deleting Ms. Biscardi's initials from the original time log, replacing them with her own, and attaching the altered Hoffman time log as an exhibit to the Hoffman affirmation.

On or about June 1, 2004, the respondent filed the aforesaid materials with the Surrogate's Court, Suffolk County, in support of her application for payment at the customary rate of $250 per hour.

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge one.

Charge three alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charges one and two.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by knowingly executing and filing with the Surrogate's Court, Suffolk County, an affirmation and supporting documents containing false or misleading statements in connection with an application for fees for legal services rendered as guardian ad litem in the matter of the estate of Margaret M. Rooney, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent was appointed guardian ad litem for various known and unknown beneficiaries of the estate of Margaret M. Rooney on or about October 23, 2003. Between then and March 5, 2004, the respondent undertook to perform the usual and customary legal services required to protect the beneficiaries of the estate. The respondent again delegated many of those services to her associate, Toni J. Biscardi, Esq. During that time, the respondent and Ms. Biscardi recorded the dates, time devoted, and tasks performed on the Rooney estate on a time sheet (hereinafter the Rooney time log). The Rooney time log reflected that between November 13, 2003 and May 5, 2004, Ms. Biscardi devoted 14.07 hours to the Rooney estate, and the respondent devoted 7.59 hours, for a total of 21.66 hours.

On or about March 8, 2004, the respondent redacted the Rooney time log by photocopying or causing it to be photocopied, in such a manner as to omit the first column which contained the initials of the employees who had worked on the Rooney estate.

On or about March 8, 2004, the respondent executed an affirmation of legal services (hereinafter the Rooney affirmation) in support of an application to the Surrogate's Court to be paid for legal services rendered as guardian ad litem for the Rooney estate, and attached the redacted Rooney time log thereto.

In the Rooney affirmation, the respondent stated, under penalty of perjury, that she had rendered the services and that the hourly rate of $250 was reasonable and customary in view of the level of her expertise.

The statements in the respondent's affirmation were false or misleading in that she had not personally performed all of the

services rendered, and intentionally failed to include any reference to the services performed by her associate. The respondent engaged in dishonest conduct by executing the Rooney affirmation which contained the false or misleading statements, by deleting from the original time log the first column which contained the initials of the employees who actually performed the work, and attaching the redacted Rooney time log as an exhibit to the Rooney affirmation.

On or about March 10, 2004, the respondent filed the aforesaid materials with the Surrogate's Court, Suffolk County, in support of her application for payment at the customary rate of $250 per hour.

Charge five alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge four.

Charge six alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charges four and five.

Charge seven alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by knowingly executing and filing with the Surrogate's Court, Suffolk County, an affirmation and supporting documents containing false or misleading statements in connection with an application for fees for legal services rendered as guardian ad litem in the matter of the estate of Robert J. Crissy, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The respondent was appointed guardian ad litem for any unborn issue of Robert J. Crissy and Jean Crissy and any unknown beneficiaries of the Crissy estate on or about November 13, 2003. Between then and August 26, 2004, the respondent undertook to perform the usual and customary legal services required to be performed in order to protect the interests of any unborn issue and/or unknown beneficiaries of the Crissy estate. The respondent delegated many of those services to her associate, Toni J. Biscardi, Esq. During that time, the respondent recorded the dates, time devoted, and tasks performed on the Crissy estate on a time sheet (hereinafter the Crissy time log). That time log reflected that between November 17, 2003 and

August 26, 2004, Ms. Biscardi and, to a lesser extent, other members of the staff, devoted 17.31 hours to the Crissy estate while the respondent devoted 30.32 hours, for a total of 47.63 hours.

On or about August 26, 2004, the respondent redacted the Crissy time log by photocopying or causing it to be photocopied in such manner as to omit the first column which contained the initials of the employees who had worked on the Crissy estate.

On or about August 26, 2004, the respondent executed an affirmation of legal services (hereinafter the Crissy affirmation) in support of an application to the Surrogate's Court to be paid for legal services rendered as guardian ad litem for the Crissy estate, and attached the redacted Crissy time log thereto.

In the Crissy affirmation, the respondent submitted, under penalty of perjury, that she had rendered the services and that the hourly rate of $250 was reasonable and customary in view of the level of her expertise.

The statements in the respondent's affirmation were false or misleading in that she had not performed all of the services rendered, and intentionally failed to include any reference to the services performed by her associate or any other individuals. The respondent engaged in dishonest conduct by executing the Crissy affirmation which contained the false or misleading statements and intentionally omitting from the time log the first column of the document containing the initials of employees who actually performed the work and attaching the redacted Crissy time log as an exhibit to the Crissy affirmation.

On or about August 26, 2004, the respondent filed the aforesaid materials with the Surrogate's Court, Suffolk County, in support of her application for payment at the customary rate of $250 per hour.

Charge eight alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge seven.

Charge nine alleges that the respondent engaged in conduct adversely reflecting on her fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charges seven and eight.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all nine charges, and the Grievance Committee's motion to confirm is granted.

Although Special Referee Clarke sustained all nine charges of the petition, he found that the respondent had shown sincere regret for her actions and submitted evidence of her otherwise good character and professional integrity. In mitigation, the Special Referee took note of the 33 letters of support submitted on the respondent's behalf from attorneys, clients, and others attesting to her good character. He found the respondent's testimony credible with respect to her motivation in submitting the affirmations in this manner. She recognized her error in judgment in submitting the subject documents and expressed sincere remorse for having done so. The Special Referee found that the respondent did not obtain a monetary advantage by the submission of affirmations in the format used.

In view of the respondent's unblemished history and extensive mitigation, the respondent is publicly censured for her misconduct.

MASTRO, J.P., RIVERA, FISHER, DILLON and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for her professional misconduct.